Sarah E. Josephson (Alaska Bar No. 9705017)
JERMAIN, DUNNAGAN & OWENS, PC
3000 A Street, Suite 300
Anchorage, AK 99503
Telephone: (907) 563-8844
Fax: (907) 563-7322
Email: sjosephson@jdolaw.com

Emily M. Maglio (CA Bar No. 267190), *admitted pro hac vice*
Micah Clatterbaugh (CA Bar No. 316808), *admitted pro hac vice*
LEONARD CARDER, LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612
Telephone: (510) 272-0169
Fax: (510) 272-0174
Email: emaglio@leonardcarder.com
Email: mclatterbaugh@leonardcarder.com

*Attorneys for Petitioners*
INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,
ALASKA LONGSHORE DIVISION AND ILWU, UNIT 222

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, ALASKA LONGSHORE DIVISION; and ILWU, UNIT 222,**<br><br>**Petitioners,**<br><br>v.<br><br>**MATSON NAVIGATION COMPANY OF ALASKA, LLC**<br><br>**Respondent.** | Case No.: _____<br><br>**PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** |

Pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, as amended, ILWU Alaska Longshore Division and ILWU Unit 222 (collectively "ILWU"), hereby petition this Court to confirm and enforce an arbitration award entered in their favor against Respondent Matson Navigation Company of Alaska, LLC, ("Matson"). ILWU seeks entry of judgment in their favor in accordance with the terms of the award. Attached hereto as **Exhibit 1** is a true and correct copy of the Opinion and Decision of John Kagel, Coast Arbitrator, dated May 16, 2025 ("the Arbitration Award").

## I. JURISDICTION and VENUE

1. This court has subject-matter jurisdiction under Section 301 of the LMRA of 1947, as amended, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

2. This is an action to confirm and enforce a labor arbitration award issued pursuant to a contract as defined by Section 301 of the Labor Management Relations Act of 1947, as amended (29 U.S.C. § 185).

3. Venue is proper pursuant to 9 U.S.C. § 9 because the arbitration award was made within this judicial district, and pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this Petition occurred in this judicial district.

## II. THE PARTIES

4. Petitioner ILWU is an unincorporated labor union with a principal place of business in Anchorage, Alaska. ILWU is the exclusive collective bargaining representative for Respondent Matson's longshore employees throughout the state of Alaska.

5. Respondent Matson is a member of a multi-employer group, the Alaska Maritime Employers Association ("AMEA"). Effective July 1, 2015, ILWU entered into a collective bargaining agreement with Matson through a collective bargaining agreement with AMEA. Attached hereto as **Exhibit 2** is a true and correct copy of that collective bargaining agreement, entitled ILWU All Alaska Longshore Agreement 2015 - 2020. On November 6, 2020, ILWU and AMEA entered into an agreement to extend the All Alaska Longshore Agreement through June 30, 2022. Attached hereto as **Exhibit 3** is a true and correct copy of that agreement, entitled Memorandum of Understanding to the 2015 – 2020 All Alaska Longshore Agreement. Effective July 1, 2022 through June 30, 2028, ILWU entered into a successor collective bargaining agreement with Matson, also through a collective bargaining agreement with AMEA. Attached hereto as **Exhibit 4** is a true and correct copy of that agreement, entitled ILWU All Alaska Longshore Agreement 2022 – 2028.

6. Respondent Matson is a Limited Liability Company doing business within the State of Alaska. It is fully owned by Horizon Lines, LLC, a Limited Liability Company doing business within the State of California.

### III. FACTS

**A. The Terms of the All Alaska Longshore Agreement**

7. As set forth in paragraph 5 above, Petitioner ILWU and Respondent Matson are parties to the All Alaska Longshore Agreement ("AALA"), which is a contract between an employer and a labor organization representing employees, as defined by Section 301

of the LMRA.

8. Section 11 of the AALA sets forth the dispute and grievance procedure for ILWU, Matson, and the other signatory AALA employers. Under Section 11, disputes are generally first raised to and considered by the Joint Port Labor Relations Committee ("JPLRC") comprised of ILWU and employer representatives from the port where the dispute arose. If not resolved at the port level, grievances are first submitted to the Alaska Arbitrator. Then, if a party disagrees with the Alaska Arbitrator's ruling, the grievance is submitted to the Alaska Area Committee. If not resolved there, grievances are then submitted to the Coast Arbitrator. The Coast Arbitrator's decision is final and binding not only on the parties directly involved in the dispute, but on all parties to the AALA. (Exhibit 2, 2015 - 2020 AALA, p. 41-42, §§ 11.67-1173; Exhibit 4, 2022 - 2028 AALA p. 57-58, §§ 11.67-1173.)

9. Section 19 of the 2015 - 2020 All Alaska Longshore Agreement sets forth an obligation of good faith:

> 19.1 As an explicit condition of agreement the Parties exchange commitments that this Contract will be observed in good faith. In answer to the Employer's demand for such a guarantee, the Union Negotiating Committee unanimously voted to commit every local and every member to observe such commitments without resort to gimmicks or subterfuge. The Employers gave a similar guarantee of good faith observance on their part.

(Exhibit 2, 2015 - 2020 AALA, p. 57, § 19.1; Exhibit 4, 2022 - 2028 AALA, p. 67, § 19.1.)[1]

---

[1] The 2022 - 2028 AALA includes a subsection added to Section 19.1 that is not relevant here.

10. Letter of Understanding No. 12 requires AALA employers to ensure that "[n]on-signatory employees shall not operate any cargo handling equipment on facilities owned or operated by Signatory Employers beyond an area designated and agreed to jointly by the parties." (Exhibit 2, p. 104; Exhibit 4, p. 116-117.) It is thus an agreement to preserve work for the registered ILWU workforce.

### B. The Underlying Arbitration Decisions and Samson's Lawsuit Against ILWU

#### 1. February 13, 2020 Arbitration Award

11. In mid-2018, ILWU filed a grievance against Matson for allowing non-signatory employees—those of its tenant, Samson—to perform cargo handling at Womens Bay Terminal after Matson repudiated a collectively bargained agreement establishing the terms under which such employees could work there, referred to by the parties as a neutral zone or "DMZ." (Exhibit 1, p. 5.)

12. On January 22, 2019, the Alaska Arbitrator, Herald C. Ugles, who serves as the standing arbitrator for all disputes under the AALA, issued an initial decision finding "Matson…guilty of violating Section 1.1 and 1.11 by causing the voiding of the May 8, 2015 LASH Dock DMZ Agreement." But, he referred back to the Port of Kodiak JPLRC the issue of whether, under Letter of Understanding No. 12, Matson's ownership of Womens Bay Terminal required it to assign the work there to ILWU. Attached hereto as **Exhibit 5** is a true and correct copy of the Alaska Arbitrator's decision, dated January 22, 2019. After the Port of Kodiak JPLRC met and the parties still disagreed on the issue referred to it, the dispute again proceeded to arbitration.

13. On May 13, 2019, Alaska Arbitrator Ugles issued Award AK-2019-06, holding that Matson had implemented part of his January 22, 2019 decision. Attached hereto as **Exhibit 6** is a true and correct copy of the Alaska Arbitrator's decision, dated May 13, 2019. On June 3, 2019, the Alaska Arbitrator determined that Matson did not violate Letter of Understanding No. 12 by allowing non-signatory employees to perform cargo handling at Womens Bay Terminal of non-APL cargo. Attached hereto as **Exhibit 7** is a true and correct copy of the Alaska Arbitrator's decision, dated June 3, 2019.

14. ILWU Unit 222 appealed the Alaska Arbitrator's June 3, 2019 decision to the Alaska Area Committee, which is the state-wide joint labor management committee under the AALA. The Alaska Area Committee reached disagreement on ILWU's appeal. ILWU then appealed to the Coast Arbitrator, John Kagel, whose decisions are the final step in the grievance process.

15. On February 13, 2020, in a decision final and binding on all parties to the AALA, including ILWU and Matson, the Coast Arbitrator vacated the Alaska Arbitrator's June 3, 2019 decision and ordered that Matson, as owner of Womens Bay Terminal, was required under the plain language of Letter of Understanding No. 12 to assign all cargo handling work at Womens Bay Terminal to ILWU-represented longshore workers unless ILWU gave written agreement to do otherwise. The Coast Arbitrator thus ordered Matson to ensure that ILWU-represented longshore workers perform all work associated with moving cargo on and off Samson barges at Womens Bay Terminal. Attached hereto as **Exhibit 8** is a true and correct copy of the Coast Arbitrator's decision, dated February 13,

2020.

### 2. The Samson v. ILWU Lawsuit and Appeal

16. Before entering into the June 16, 2020 Terminal Services Agreement with Samson, Matson assisted Samson in preparing a petition to vacate the Coast Arbitrator's February 13, 2020 award. (Exhibit 1, p. 31-32.) Samson filed that petition on May 11, 2020, suing only ILWU, and not Matson. (*Id.*, p. 22.) The Court subsequently dismissed it for lack of jurisdiction. (*Id.*) On October 5, 2020, Samson filed a complaint for damages against ILWU. (*Id.*) It alleged the Union's pursuit of the grievance leading to the February 13, 2020 award was an unfair labor practice and an effort to force Samson—rather than Matson—to assign work to ILWU-represented labor. (*Id.*) As damages, it claimed all the payments Samson made to reimburse Matson for the "in lieu" payments Matson had made to the ILWU workforce. (*Id.*) The Court dismissed Samson's petition to vacate on April 9, 2021. (*Id.*) Through counsel, Matson continued to assist Samson to prosecute its suit against ILWU. (*Id.*, p. 23-29.) On August 22, 2024, the Court granted summary judgment to ILWU, dismissing Samson's complaint. (*Id.*, p. 23.) Samson's appeal of that dismissal is pending. (*Id.*)

### 3. The October 4, 2021 Arbitration Award

17. Shortly after the February 13, 2020 award issued, ILWU and Matson "agreed that Matson would implement" it, and that "Matson also agreed it would pay the Union in lieu of physically employing its members while Matson worked out a Terminal Services Agreement (TSA) with its tenant, Samson, as well as Matson acquiring cargo handling

equipment." (Exhibit 1, p. 6, ¶ 7.) But, without informing ILWU, Matson entered into a Terminal Services Agreement with Samson that, rather than providing for Matson to perform Samson's cargo handling work at Womens Bay Terminal with ILWU labor, allowed Samson to continue using its own non-ILWU labor. (*Id.*, p. 7-9.) That agreement also required Samson to reimburse Matson for the "in lieu" payments Matson continued to make to the ILWU workforce, with a mark-up of approximately 25%. (*Id.*, p. 7, ¶ 3, p. 8, ¶ 1.) It further required that "[i]n the event that a Court or Arbitrator determines that any such ILWU 'time in lieu' claims were improper, [Samson's] recourse shall be from ILWU and not [Matson]." (*Id.*, p. 8, ¶ 1, internal quotations omitted.)

18. On learning of the Terminal Services Agreement and its terms, ILWU promptly returned to the Coast Arbitrator. He issued a clarifying award on October 4, 2021, finding that Matson violated his February 13, 2020 award by entering into the agreement with Samson. Attached hereto as **Exhibit 9** is a true and correct copy of that October 4, 2021 award. The issue before the Arbitrator was "[w]hether Matson violated the Coast Arbitrator's February 13, 2020 Award by entering into the Terminal Services Agreement (TSA) permitting nonsignatory employees to perform work awarded to the ILWU without the ILWU's agreement, and permitting nonsignatory employees to perform such work from June 16, 2020 through at least March 4, 2021, and possibly to the present, and if so, what shall be the remedy?" (Exhibit 6, p. 1-2.) As explained by the arbitrator, the ILWU sought "a finding that Matson violated the Award, and an order directing AALA Employers that they may not permit or enter into any agreement permitting nonsignatory

employees to operate cargo-handling equipment on any facilities they own or operate without reaching a written agreement with ILWU, designating an area where such nonsignatory employees may work in the Ports of Kodiak and Dutch Harbor." (*Id.*, p. 2.)

### C. The May 16, 2025 Arbitration Award ILWU Seeks to Confirm and Enforce

19. On May 16, 2025, the Coast Arbitrator issued the Arbitration Award. In it, he found Matson violated Section 19.1 of the All Alaska Longshore Agreement, which requires good faith observance of all the agreement's terms. (Exhibit 1, p. 30-31.) In so finding, he noted that at the time when Matson stated unequivocally to ILWU that it would implement the February 13, 2020 award, "it either had then, or shortly thereafter, determined that it would not" do so. (*Id.*) He further found that Matson's collaboration with Samson to eliminate the effects of the award through Samson's lawsuit made Matson liable for ILWU's foreseeable attorneys' fees and costs in defending against it. (*Id.*) As remedies for these violations of the All Alaska Longshore Agreement, the Arbitration Award ordered that:

1. The Union shall be reimbursed for its attorneys' fees, expenses and costs not already paid by Samson with respect to filing its Ninth Circuit appeal, and for the expenses of one Union officer, and for all of the same that it will reasonably incur until there is a final judgment entered in the Samson-ILWU Womens Bay litigation.

2. The Union will provide Matson with its evidence of the foregoing to date within 45 days of the date of this Award, and every three months thereafter.

3. In the event that Matson does not agree with any such submission, Counsel for the Parties will meet and confer with the authority of their clients to settle any such dispute. In the event they cannot agree, either

> Party can apply to the Coast Arbitrator for adjudication of that dispute within 15 days of the date of such disagreement, with the Coast Arbitrator having the authority to determine the costs and expenses of such dispute, [and]
>
> 4. Any other relief sought by the Union is denied.

(Exhibit 1, p. 40.)

20. Also on May 16, 2025, the Coast Arbitrator issued a clarifying decision regarding that decision. The clarifying decision, in its entirety is:

> To the extent that Decision #1 of the Opinion and Decision in this matter of this date might be considered ambiguous, it applies to Case Nos. 3:20-cv-00108-TMB-MMS, 3:20-cv-00248-TMB-MMS (D. Alaska), any appeals therefrom and any further federal court proceedings until there is a final judgment entered in the Samson-ILWU Womens Bay litigation.

Attached hereto as **Exhibit 1-a** is a true and correct copy of the Coast Arbitrator's May 16, 2025 clarifying decision.

21. The May 16, 2025 Arbitration Award is authorized by the AALA, a collective bargaining agreement under Section 301 of the LMRA. It is therefore subject to confirmation and enforcement by this Court.

WHEREFORE, Petitioners ILWU Alaska Longshore Division and ILWU Unit 222 respectfully request that this Court enter an order and judgment confirming the Arbitration Award as the Judgment of this Court, including all such relief provided for in the Arbitration Award, including, without limitation, judgment for equitable relief, and for all arbitration fees and costs, for attorneys' fees, and for costs of suit, in favor of Petitioners ILWU Alaska Longshore Division and ILWU Unit 222 against Respondents Matson

Navigation Company of Alaska, LLC, and such other relief the Court deems just and proper.

Respectfully submitted,

Dated: August 13, 2025  JERMAIN, DUNNAGAN & OWENS, PC

By: /s/ Sarah E. Josephson
Sarah E. Josephson (Alaska Bar No. 9705017)

Dated: August 13, 2025  LEONARD CARDER, LLP

By: /s/ Emily M. Maglio
/s/ Micah Clatterbaugh
Emily M. Maglio (CA Bar No. 267190)
Micah Clatterbaugh (CA Bar No. 316808)

*Attorneys for Petitioners*
INTERNATIONAL LONGSHORE AND WAREHOUSE UNION,
ALASKA LONGSHORE DIVISION and
ILWU, UNIT 222